# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WILLIAM A. MCALLISTER,

       Plaintiff,

vs.                                                                                        No. 00cv0939 MV/JHG

JO ANNE B. BARNHART,[1]
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       This matter is before the Court on Plaintiff's (McAllister's) Motion to Reverse or Remand Administrative Decision, filed June 11, 2001. The Commissioner of Social Security issued a final decision denying McAllister's application for disability insurance benefits and supplemental security income. Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, the Court finds that the motion to reverse is well taken and recommends that it be GRANTED.

       McAllister, now forty-eight years old, filed his application for disability insurance benefits and supplemental security income on November 28, 1994, alleging disability since October 20, 1993, due to chronic low back pain, status post multiple discectomies, depression, hip problems, numbness in his left arm and legs, and bowel incontinence. He has a high school education with past relevant work as a glass glazier and window screen repairer. The Commissioner denied

---

    [1] On November 9, 2001, JoAnne B. Barnhart was sworn in as Commissioner of the Social Security Administration. Thus, she is substituted as Defendant in this action.

McAllister's application for disability insurance benefits and supplemental security income both initially and on reconsideration. On May 10, 1996, the Commissioner's Administrative Law Judge (ALJ) denied benefits. McCallister sought judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). The Commissioner agreed to remand the case for further administrative proceedings. On June 15, 1998, the same ALJ held a second hearing on the 1994 application. On August 26, 1998, the ALJ again denied benefits. McCallister sought judicial review a second time. On November 3, 1999, the United States District Court ordered remand of the case to the Commissioner, directing the ALJ to provide a detailed step three analysis, complete a Psychiatric Review Technique Form, and provide a hypothetical question to a vocation expert that included all of McCallister's exertional and nonexertional limitations in an eight hour work day.

On March 3, 2000, a different ALJ held a hearing on the matter. On April 27, 2000, the ALJ denied benefits, finding McCallister "had a 'severe combination' of physical and mental impairments relative to the residual effects of surgery to his lumbar spine, degenerative joint disease of the left shoulder, bursitis of both shoulders, degenerative joint disease of the cervical spine, degenerative joint disease of the right hip, an adjustment disorder with depressed mood, and alcohol and cocaine addiction disorders, in remission since November 1999." Tr. 415. However, the ALJ found McAllister did not have any disorder or combination of disorders meeting or equaling in severity any of the disorders described in the Listing of Impairments, Subpart P, Appendix 1, Social Security Regulations No. 4. *Id.* The ALJ also found McAllister's subjective complaints were not supported by the medical evidence to the extent he alleged. Tr. 423-24. The ALJ further found McAllister retained the residual functional capacity (RFC) "for

work that does not require lifting and carrying more than 15 pounds, repetitive overhead reaching, more than routine driving, exposure to wet or damp environments, uneven surfaces, heights, ladders or stairs, except for trivially required, and allows for a sit/stand option at 30 minute intervals." Tr. 426. As to McAllister's mental impairments, the ALJ found they limited but did not preclude work with co-workers and the public. *Id.* Additionally, the ALJ found McAllister could not perform work requiring close supervision. *Id.* McAllister seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Moreover, "all of the ALJ's required findings must be supported by substantial evidence," *Haddock v. Apfel,* 196 F.3d 1084, 1088 (10th Cir. 1999), and all of the relevant medical evidence of record must be considered in making those findings, *see Barker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989). "[I]n addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). Therefore, while the Court does not reweigh the evidence or try the issues de novo, *see Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 741 (10th Cir. 1993), the Court must

3

meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings, in order to determine if the substantiality test has been met. *See Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand, McAllister makes the following arguments: (1) the ALJ's step three finding that he did not meet or equal a listing is not supported by substantial evidence and is based on error; and (2) the ALJ's assessment of his RFC is not

supported by substantial evidence and is contrary to law; (3) the ALJ's credibility determination is not supported by substantial evidence and is contrary to law; (4) the ALJ erred in according no weight to the VA disability decision; and (5) the ALJ's finding that he could perform other work is not supported by substantial evidence and is contrary to law.

McAllister contends he satisfies Listing 1.05C regarding spinal disorders, which requires the following:

> Other vertebrogenic disorders (e.g., herniated nucleus pulposus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
>
> 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
>
> 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

The ALJ found McAllister did not meet Listing 1.05C "because despite the presence of degenerative changes of the cervical spine and the operative changes of the lumbar spine, these findings alone do not establish the severity of the findings necessary to satisfy listing criteria." Tr. 418. Specifically, the ALJ recognized that the examiners had documented the presence of a radicular distribution of pain from the lumbar spine into McAllister's left leg with evidence of mild muscle weakness and some sensory loss. *Id.* As to these findings, the ALJ noted that Listing 1.05C required "the presence of <u>significant</u> muscle weakness, sensory <u>and</u> reflex loss." *Id.* The ALJ also acknowledged that several examiners had noted the presence of some reflex changes. *Id.* However, the ALJ discounted these findings as "minor and not consistently demonstrated." *Id.*

McAllister contends the medical record documents the presence of each of the Listing

5

1.05C criteria. The Court agrees. The ALJ mistakenly found that Listing 1.05C required the presence of <u>significant</u> muscle weakness, sensory and reflex loss. Listing 1.05C requires significant motor loss <u>with</u> muscle weakness <u>and</u> sensory <u>and</u> reflex loss. In this case, the medical record demonstrates that McAllister suffers from significant motor loss <u>along</u> with muscle weakness, sensory and reflex loss. McAllister suffers from low back pain radiating down his left leg to the foot (Tr. 152, 161, 167, 180, 187-95, 212, 232, 239, 249, 252, 291, 351-52, 356, 479, 547; muscle spasms (Tr. 215, 236, 249, 340, 353, 483, 547, 553); significant limitation of motion in the lower spine (Tr. 180, 238, 251, 351, 355); and significant motor loss in an appropriate radiculopathic distribution with muscle weakness and sensory and reflex loss, demonstrated by decreased left ankle planter flexors and decreased left toe planter flexors (Tr. 238-39, 251), numbness, tingling, and diminished light, pinprick and vibration sensation in the left lower extremity (Tr. 167, 178, 230, 238, 251, 352, 479, 483) and diminished absent left ankle jerk (Tr. 180, 251, 352). Moreover, the ALJ's should not have discounted McAllister's muscle weakness and reflex changes as "minor." Assuming the ALJ is not medically trained, he was not competent to evaluate the significance of the objective findings of an examining medical doctor. *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996). Accordingly, the Court finds that McAllister's Motion to Reverse should be granted. This case should be reversed and remanded with instructions to award McAllister benefits. *See Dixon v. Heckler*, 811 F.2d 506, 511 (10th Cir. 1987)("Given that the burden is on the Secretary to show Dixon's literacy at this point, we believe that further administrative proceedings would only further delay the appropriate determination and award of benefits.")

Having found that McAllister meets Listing 1.05C, the Court will not address McAllister's remaining arguments.

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. McAllister's Motion to Reverse and Remand Administrative decision should be granted. This case should be reversed and remanded to the Secretary with instructions to award McAllister benefits.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.